658 P.2d 950

**In the case of Ricky Lynn CHAVEZ, (Deceased):**

**Dorothy HAYES, Claimant-Respondent,**

v.

**AMALGAMATED SUGAR COMPANY, Defendant-Appellant.**

**No. 13844.**

Supreme Court of Idaho.

Feb. 2, 1983.

---

Roger L. Williams, Nampa, for defendant-appellant.

John W. Gunn, Caldwell, for claimant-respondent.

DONALDSON, Chief Justice.

A claim for benefits was made under the Workmen's Compensation law against the appellant Amalgamated Sugar Company following the death of Ricky Lynn Chavez, who died as a result of an industrial accident while employed by the appellant on October 20, 1978. The death occurred on the decedent's third day of employment. The claim was brought by the decedent's natural mother who alleged she was totally dependent for support upon her deceased son. Amalgamated Sugar denied that claimant was totally dependent upon the decedent.

Prior to death, decedent had resided with his mother and older brother in a housing development which was rent free so long as none of the occupants were employed. In the past both sons had worked and supported their mother, but at the time of the fatal accident only the decedent was employed. The older brother had been unemployed for a period of time. The decedent started working for the defendant several days before his death. Because of a two to three day delay in processing notice of his employment and because neither son had been employed prior to decedent's death, the mother and her sons were living rent free. A charge for rent would have commenced effective with the decedent's date of employment by Amalgamated Sugar Company had he not died. At the time of death, the mother had been separated from her husband for several months and received no support from him and the other son was unemployed. The mother, other than the housing, received no food stamps or other public assistance from state or federal agencies at the time of her son's death. The decedent had not yet received a pay check from Amalgamated Sugar Company at the time of his death.

A hearing was conducted before a referee and the issues presented were (1) whether or not decedent's mother was entitled to benefits as a dependent of the decedent pursuant to I.C. § 72–413(4) and (2) whether or not the claimant was entitled to an award of attorney fees pursuant to I.C. § 72–804.[1] The referee found that the claimant was actually dependent upon decedent for her sole support. Further, the referee found that the defendant employer with reasonable diligence could have determined that at the time of death the claimant was not supported by her husband, that the decedent and his brother while employed supported the claimant at least in part, and that on the date of death the claimant was unemployed and had no support except decedent despite his not yet having received a pay check from Amalgamated Sugar Company.

The referee concluded that I.C. § 72–410 defines a parent as dependent "only if actually dependent, wholly or partially, upon the deceased" and that "actually dependent" means "dependent in fact." The referee further concluded that claimant was entitled to death benefits and an award of attorney fees. The Industrial Commission reviewed the referee's Findings of Fact, Conclusions of Law and Award and approved, confirmed and adopted them as the Decision and Order of the Commission.

A motion for reconsideration was made by Amalgamated Sugar Company which was denied. Amalgamated Sugar Company appeals.

The issues presented for review are (1) whether the Industrial Commission erred by finding that pursuant to I.C. § 72–410(4) that the claimant was wholly dependent for support on her son, the deceased Ricky Lynn Chavez, as of the date of his death, (2) whether the Industrial Commission erred in making an award of attorney fees to the claimant pursuant to I.C. § 72–804, and (3)

whether the respondent is entitled to attorney fees on appeal.

■ Findings of fact made by the Industrial Commission are subject to limited appellate review. Idaho Const. art. 5, § 9; I.C. §§ 72–724, –732; *Gordon v. West,* 103 Idaho 100, 103, 645 P.2d 334, 337 (1982); *Curtis v. Shoshone County Sheriff's Office,* 102 Idaho 300, 303, 629 P.2d 696, 699 (1981). Our function is to determine whether the findings are supported by substantial, competent evidence. Idaho Const. art. 5, § 9; I.C. § 72–732(1); *Curtis v. Shoshone County Sheriff's Office, supra* at 303, 629 P.2d at 699; *Hamby v. J.R. Simplot Co.,* 94 Idaho 794, 797, 498 P.2d 1267, 1270 (1972). In the presence of conflicting evidence, we continue to recognize the Industrial Commission as the arbiter, *Hamby v. J.R. Simplot Co., supra,* and acknowledge that the weight to be accorded evidence is within their particular province, *Murray v. Hecla Mining Co.,* 98 Idaho 688, 571 P.2d 334 (1977); *Gradwohl v. J.R. Simplot Co.,* 96 Idaho 655, 534 P.2d 775 (1975).

To resolve the issues presented, we look in part to Title 72, Ch. 4, I.C., of the Workmen's Compensation law which concerns available benefits.

Under the Workmen's Compensation law, dependency is determined "as of the time of death for purposes of income benefits." I.C. § 72–401. A parent shall be dependent and entitled to benefits following the death of a child "only if actually dependent, wholly or partially, upon the deceased." I.C. § 72–410. The benefits for death to which a dependent parent is entitled are determined under I.C. § 72–413. Because appeal is brought from the award to the claimant of attorney fees before the Industrial Commission, we also consider I.C. § 72–804 which provides the statutory authority by which attorney fees are awarded before the commission.[2]

---

1. Amalgamated Sugar Company admitted before the Industrial Commission's referee that the decedent's death arose out of and in the course of his employment by it and that it was duly notified of the death.

2. I.C. § 72–804 provides:
   "If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased

■ From our review of the record, there was substantial, competent evidence to support the finding that the claimant was wholly dependent on her deceased son for support as of the date of his death. This finding will not be disturbed. Evidence was presented that claimant was not receiving food stamps, or any support from state or federal agencies, or any support from her other son, her estranged husband or her former husband, at the time of decedent's death and that claimant's rent-free housing ceased effective the moment decedent went to work. Nothing is in the record that claimant was receiving any support from any source other than the decedent at the date of his death.

The appellant argues that the claimant could not be dependent upon her son because she was legally dependent upon her husband. We disagree. We approve the construction of I.C. § 72–410(4) expressed by the Industrial Commission—the Workmen's Compensation law addresses dependency not in terms of "legal" dependency but rather "actual" dependency. We agree with the Industrial Commission that "actually dependent" means "dependent in fact."

■ The appellant argues that the claim was for total dependency and that its denial of the claim was not unreasonable and therefore an award of attorney fees was not warranted. We disagree. As previously mentioned, our review of findings of fact by the Industrial Commission is limited. Idaho Const. art. 5, § 9; I.C. §§ 72–724, –732; *Gordon v. West, supra; Curtis v. Shoshone County Sheriff's Office, supra.* The record supports a finding that the appellant, where it initially thought that the mother was not totally dependent on the decedent, was unreasonable either in not then accepting liability for at least a claim based on partial dependency or in not investigating further in order to ascertain that only the decedent was employed and hence at the time the sole support of his mother. Nothing was presented by the appellant before the Industrial Commission to show claimant's actual dependency upon anyone other than the decedent at the time of the decedent's death. The Commission possessed the authority pursuant to I.C. § 72–804 to award reasonable attorney fees and we will not disturb that award in this case.

Respondent seeks an award of attorney fees on appeal to this Court. Pursuant to I.C. § 72–804 and I.A.R. 41(c), we award reasonable attorney fees to the respondent to be determined by the Industrial Commission.

Costs to the respondent.

The orders of the Industrial Commission are affirmed. The case is remanded solely for determination by the Industrial Commission of reasonable attorney fees. I.C. § 72–804.

SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

BISTLINE, Justice, concurring comment.

I write only to go on record to emphasize my express approval of the Commission's allowance of attorney's fees because the employer "acted unreasonably in not accepting liability for at least a claim of partial dependency."

Justice Bakes would liken this case unto *Payne v. Foley,* 102 Idaho 760, 639 P.2d 1126 (1982), a claimed similarity which I am wholly unable to see. *Payne* was a personal injury action in district court where negligence is usually a primary issue; *Payne* was not an industrial accident case before the Commission where negligence is not at all a factor, let alone an issue. In *Payne* the award of attorney's fees was made under the auspices of this Court's rule, the pedigree of which is questionable, and here

employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensa-
tion as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission."

the award of fees is pursuant to the general law of a legislative enactment. The award of attorney's fees in *Payne* was premised upon a failure to seek a settlement; here the award is bottomed on the failure of the self-insured defendant employer to accept *any* responsibility to decedent's impoverished mother who obviously had to have been in need, as based upon the facts and circumstances set forth in the Court's opinion and in the separate opinion of Justice Bakes.

Practicing attorneys are generally aware of, but the Commission with its thousands of cases is fully conversant with, the hardship wreaked upon a decedent's beneficiary when nothing whatever is forthcoming upon which to subsist. And everyone knows that it is easy to drive a hard bargain in dealing with a destitute claimant. Here the record amply shows that the employer had adequate evidence that it had some liability. Nothing in the world prevented it from directing some benefits to the claimant, which it could do without any prejudice. Other employers or their sureties have done so. The Commission has established a commendable precedent; this Court has endorsed it.

BAKES, Justice, dissenting:

I disagree with the majority's affirmance of the Industrial Commission's award of attorney fees to respondent. I.C. § 72–804[1] sets out the standard for an award of attorney fees at the commission level. That statute allows the commission to award attorney fees when an employer contested a claim without reasonable grounds. The

commission in the present case ruled that the employer contested this claim without reasonable grounds. However, it appears that the only reason the referee made such a finding was because the employer "acted unreasonably in not accepting liability for at least a claim of partial dependency upon decedent."

We were recently faced with a similar situation in *Payne v. Foley*, 102 Idaho 760, 639 P.2d 1126 (1982). In that case the trial judge had awarded attorney fees to the respondent, pursuant to I.C. § 12–121[2] and I.R.C.P. 54(e)(1),[3] because the judge felt that the appellant did not make a "good faith offer of settlement" or "enter into good faith negotiations toward settlement." *Payne v. Foley*, *supra* at 761, 639 P.2d 1126. In *Payne*, which involved a three-car collision, liability was not seriously contested, but the percentage and amounts of damage attributable to each party was contested. We held in *Payne* that "it is clear that the trial court purported to penalize [appellant] for failing to submit a good faith offer of settlement or refusing to enter into good faith settlement negotiations. We are directed to no legal authority which supports such discretion . . . ." 102 Idaho at 761, 639 P.2d at 1127.

The same situation occurred in this case. The claimant was asserting before the commission that she was totally dependent upon the decedent. The Commission itself found that while claimant was living with her husband Darwin Hayes he provided all of the support for the entire family including the decedent and his brother, Frank Chavez. The claimant and her husband

1. "72–804. ATTORNEY'S FEES—PUNITIVE COSTS IN CERTAIN CASES.—If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, . . . the employer shall pay reasonable attorney fees in addition to the compensation provided by this law."

2. "12–121. ATTORNEY'S FEES.—In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal

or amend any statute which otherwise provides for the award of attorney's fees."

3. "RULE 54(e)(1). ATTORNEY FEES.—In any civil action the court may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract. Provided, attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation; . . . ."

284

Darwin Hayes separated approximately three months before decedent's death, which would have been in the latter part of July, 1978, and thereafter, the decedent and Frank Chavez, who were working for the CETA program, contributed approximately $100 per month each toward the support of their mother, and paid $120 a month rent. Sometime between July and October, both the decedent and Frank Chavez lost their employment with the CETA program and during that period were not required to pay any rent to the City of Nampa on the apartment in which they and their mother lived. During that period of time apparently no one was supporting the family. On October 18, 1978, the decedent commenced working for the defendant, and on October 20, 1978, he was killed in the industrial accident. While employed in the CETA program, Frank Chavez testified that he claimed his mother as a dependent for tax withholding purposes. However, the decedent did not claim his mother as a dependent for tax withholding purposes in either the CETA program or when he went to work for the defendant.

Based upon the foregoing facts, the defendant denied that the claimant was *totally* dependent upon the decedent for her support, asserting that she was also dependent upon others, *i.e.,* her son Frank Chavez, the City of Nampa which provided the rent, and her husband, Darwin Hayes, who, although she was separated from him had as recently as three months previous totally supported her and was legally still obligated to support her. *See Smith v. McHan Hardware Co.,* 56 Idaho 43, 48 P.2d 1102 (1935).

The Industrial Commission, adopting the referee's finding, assessed attorney fees against the defendant Amalgamated Sugar Company because it "acted unreasonably in not accepting liability for at least a claim of partial dependency upon decedent, pursuant to I.C. § 72–410(4) and I.C. § 72–413(4), inasmuch as claimant was, in fact, supported by her two sons while they were employed by the CETA program." Here, as in *Payne v. Foley, supra,* "it is clear that the [Industrial Commission] purported to penalize [Amalgamated Sugar Co.] for fail-

ing to submit a good faith offer of settlement or refusing to enter into good faith settlement negotiations. We are directed to no legal authority which supports such discretion . . . ."

I would reverse on the award of attorney fees.