795 P.2d 872

**George COLE, Claimant–Appellant,**

v.

**STOKELY VAN CAMP, Employer, and Liberty Mutual Fire Insurance Company, Surety, Defendants–Respondents.**

**No. 17997.**

Supreme Court of Idaho.

July 19, 1990.

Rehearing Denied Aug. 31, 1990.

George Cole, Emmett, pro se.

Eberle, Berlin, Kading, ·Turnbow & Gillespie, Boise, for defendants-respondents. Robert L. Berlin argued.

BISTLINE, Justice.

George Cole is a forty-three year old man with a ninth grade education. For the majority of his working life he has worked at jobs requiring heavy labor. At the time of the incident which gave rise to this appeal, Mr. Cole was employed as a forklift operator at a canning plant owned and operated by Stokely Van Camp in Gem County. While at work, on September 24, 1982, Mr. Cole went to one of the plant warehouses to pick up a case of labels. He parked his forklift, lifted the case of labels, and in turning around to place the labels on the forklift, he twisted his back. He finished the day without pain, but the next day he was bent over and listing to the left; he was unable to straighten to a full standing position. Over the next few days he had increasing back pain, and the list to the left became more severe. He did not go to see a doctor because he believed he simply had a strained muscle that would "work its way out."

On September 30, 1982, his employer sent him to see Dr. William Jewell about his back problem. Dr. Jewell prescribed some muscle relaxants which diminished but did not eliminate the pain. Mr. Cole saw Dr. Jewell one more time in the fall of 1982. He did not see Dr. Jewell or any other doctor for his back again until 1987, even though he had consistent pain in his back, trouble lifting, and the continued list to the left. Mr. Cole asserts that he did not see a doctor during this time because he could not afford to do so.

Stokely Van Camp closed its Gem County canning plant in 1982. Mr. Cole stayed in the area and continued to perform seasonal labor, most of it agricultural in nature. Much of this work required lifting, bending, or stretching, or the operation of heavy machinery such as tractors. In 1985 or 1986, Mr. Cole mowed lawns for a total income of approximately $1,000. Also, at about that same time, Mr. Cole ceased looking for seasonal agricultural jobs because of the pain in his back. He worked for approximately two years as a janitor at a bar, for which he was paid $100 a month and was allowed to sleep in the game room of the bar. After that arrangement ended Mr. Cole became, and remains, unemployed.

When Mr. Cole applied for unemployment compensation in 1987, he was referred to Boise Cascade to apply for a job. Boise Cascade required applicants to take and pass a stress test as a condition of employment. Prior to performing the test, applicants are requested to sign a waiver releasing their medical records. Mr. Cole signed such a release, and Boise Cascade contacted Dr. Jewell. Dr. Jewell informed Boise Cascade that although he had not seen Mr. Cole for a long time, he nevertheless recommended that Mr. Cole not take the stress test. As a result, Boise Cascade did not hire Mr. Cole.

Mr. Cole then went to see Dr. Jewell both because of the negative recommendation and because his back pain was worse. Dr. Jewell recommended rehabilitation, physical therapy, and work that would not involve heavy lifting. Mr. Cole did not act on these recommendations because he did not have the funds to do so.

Although it does not appear in the record, Mr. Cole apparently applied for and was denied workers' compensation benefits sometime in 1987. In connection with his application for benefits Mr. Cole saw both a Dr. O'Brien and a Dr. Taylor. Dr. Taylor concluded that the injury suffered by Mr. Cole in 1982 did not cause any permanent physical impairment. Dr. O'Brien concluded that Mr. Cole's problems resulted primarily from his exaggerated list to the left, which had apparently resulted from the 1982 injury, although so much time had passed that he could not be certain of the connection. Dr. O'Brien recommended rehabilitation, and stated that if rehabilitation was not furnished, he believed Mr. Cole's degree of permanent physical impairment to be ten percent. Mr. Cole filed a workers' compensation claim with the Industrial Commission.

A hearing was held before Referee Carol B. Groover on June 28, 1988. The referee's findings of fact, conclusions of law, and order were adopted by the Commission. As both a finding of fact and a conclusion of law the Commission stated that Mr. Cole had failed to prove that his present back problems were causally related to his 1982 injury. This conclusion was based on the premise that Mr. Cole had not sought medical treatment for his back between 1982 and 1987 even though he reasonably should have known that Stokely Van Camp's insurer would have paid for such treatment, and also on the premise that Mr. Cole continued to work at heavy manual labor between 1982 and 1987. The Commission therefore denied any benefits.

Mr. Cole requested a hearing for reconsideration, which was granted. After the hearing the Commission adhered to its original finding. Mr. Cole appeals.

The sole issue on appeal is whether the commission erred in finding that Mr. Cole failed to prove that his back complaints were causally related to his 1982 injury, and that he is therefore not entitled to benefits.

The claimant in a workers' compensation case carries the burden of proving that the condition for which compensation is sought is causally related to an industrial accident. *Neufeld v. Browning Ferris Indus.*, 109 Idaho 899, 712 P.2d 600 (1985). The claimant must also present medical testimony that supports the claim for compensation to a reasonable degree of medical probability. *Bowman v. Twin Falls Construction Co., Inc.*, 99 Idaho 312, 581 P.2d 770 (1978). Commission findings that are supported by substantial, competent, although conflicting, evidence will be affirmed. Idaho Code § 72–732; *Matter of Snyder*, 109 Idaho 167, 706 P.2d 56 (1985).

The undisputed facts in this case demonstrate that Mr. Cole did not miss any work at the time of the initial injury to his back, that he did not see a doctor about his back pain for nearly five years, that he performed strenuous labor for employers other than Stokely Van Camp during that five year period, and that he sought medical attention only on doctor's advice against taking a stress test relative to applying at Boise Cascade. These facts substantiate the Commission's finding that Mr. Cole's current condition is not causally related to the injury he sustained in 1982 while working for Stokely Van Camp.

The medical testimony, though conflicting, also provides substantial and competent support for the Commission's findings. One doctor stated that Mr. Cole's current back problems are the ongoing result of the 1982 injury; one doctor stated that the lapse of time made it difficult for him to determine whether the injury was the cause of Mr. Cole's problem; and one doctor stated that the injury was not related to Mr. Cole's current problems. No one of the doctors appears to have had a better opportunity to examine Mr. Cole than any other doctor.

Substantial and competent evidence mandates the Industrial Commission be affirmed, and it is so held, with costs awarded to respondent.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ., concur.