841 P.2d 427

**Darlene D. DARNER, Claimant–Appellant,**

v.

**SOUTHEAST IDAHO IN–HOME SERVICES, employer, and State Insurance Fund, surety, employer, and State of Idaho Industrial Special Indemnity Fund, Defendants–Respondents.**

**No. 19160.**

Supreme Court of Idaho,
Idaho Falls, May 1992 Term.

Nov. 4, 1992.

Lyon & Jorgensen, Pocatello, for claimant-appellant. Kenneth E. Lyon, Jr., argued.

Steven R. Fuller, Preston, for respondents Southeast Idaho In–Home Services and State Ins. Fund.

McDevitt, Meyers & Thomsen, Pocatello, for respondent State Industrial Sp. Indem. Fund, Jerry R. Meyers, argued.

McDEVITT, Justice.

## BACKGROUND

Appellant, Darlene D. Darner, was employed by respondent Southeast Idaho In–Home Services ("In–Home"). Her duties at In–Home included assisting senior citizens with housework and personal care needs.

On October 7, 1988, appellant was assigned to help Marion Ruth Moffitt with some of Ms. Moffitt's housework needs. Specifically, appellant was assigned to clean the windows in Ms. Moffitt's mobile home. Appellant alleges that during the course of this work she sustained a back injury. As a result, appellant filed a claim for worker's compensation.

## PROCEDURE

On March 22, 1989, appellant filed a worker's compensation application for hearing. In the application for hearing, appellant claimed that she had an "[i]njured lower back" and claimed a "[t]otal permanent impairment." In addition, she stated that "[w]hile taking down, cleaning & putting back up storm windows & drapes the claimant injured her lower back, she also had to move some furniture."

On April 11, 1989, respondents filed their answer to the application for hearing. In the answer, respondents denied that the accident occurred on or about the time claimed, that the accident occurred during the course of appellant's employment, and that the appellant was disabled. In addition, respondents alleged that appellant's "condition is attributable in whole or in part to a preexisting injury, infirmity or condition." [1]

On January 11, 1990, appellant filed a motion, pursuant to I.C. § 72–312, to join the Special Indemnity Fund of the State of Idaho as a party-defendant. In the motion, appellant stated that "part of the disability which she has received is attributable to an accumulation of prior injuries coupled with the present injury...." On February 9, 1990, the Industrial Commission granted the motion, and it directed appellant to file an amended application for hearing naming the Idaho Special Indemnity Fund as a party-defendant.

On March 5, 1990, respondents filed a motion to bifurcate the proceedings. Respondents requested that the first hearing be limited to the issue of "[w]hether or not a work-related accident occurred for which a compensable claim under Worker's Compensation laws may be allowed." Respondents also stated that "[t]he basis for this motion is that a conflict of evidence exists between witnesses as to whether or not an accident or injury occurred at the time, place, and in the manner specified by the Claimant." The motion was granted by order dated March 12, 1990.

On May 2, 1990, respondents filed an amended answer to the amended application for hearing. The amended answer was identical to the original answer except for the addition of an affirmative defense.

---

**1.** Appellant has undergone two prior back operations, one in approximately 1973 and the other in approximately 1976.

On October 2 and 9, 1990, respondents filed objections to appellant's motion to strike a statement made by her, which was recorded on November 2, 1988. Appellant had objected to the introduction of the transcribed statement at the time of hearing, stating that she had not had an opportunity to view the transcript and claiming surprise. In the motions, respondents asserted that appellant was not entitled to claim surprise since she did not make any requests for information through discovery. On October 15, 1990, the Industrial Commission denied appellant's motion to strike the recorded statement.

After briefs were filed with the Industrial Commission, the Industrial Commission entered its findings of fact, conclusions of law, and order denying appellant's claim on January 15, 1991. The Industrial Commission stated that the issue was "whether Claimant suffered a back injury as the result of an industrial accident on October 7, 1988." The Commission pointed to inconsistencies between the testimony of appellant and Ms. Moffitt, and it stated:

### V

Based upon the Commission's observation of the Claimant during her testimony at the hearing and due to numerous inaccuracies in Claimant's testimony, the Commission does not find her testimony to be credible. The Commission finds Ms. Moffitt's testimony to be more credible as she has no reason to lie and has no stake in the matter. Therefore, the Commission finds that Claimant did not suffer a back injury during the course of her employment on October 7, 1988.

### CONCLUSIONS OF LAW

### I

A Claimant i[n] a worker's compensation case has the burden of proving compensable disablement, caused by an accident arising out of and in the course of his employment. His proof must establish a probable, not merely a possible, connection between cause and effect to support his contention that he suffered a compensable accident. *Callantine v. Blue Ribbon Linen Supply*, 103 Idaho 734, 653 P.2d 455 (1982).

### II

Based primarily on the finding that Ms. Moffitt's testimony was more credible than Claimant's testimony, the Commission concludes that Claimant has failed to carry her burden of proving that she suffered the alleged industrial accident and injury on October 7, 1988.

On February 5, 1991, appellant filed a motion for reconsideration. In the motion for reconsideration, appellant pointed to Finding II, wherein the Commission found the photographs of drapes to reveal that the drapes were lightweight. Appellant argued that "those pictures show two sets of drapes, the outside set of drapes being quite heavy." Additionally, appellant stated that the Commission placed too much emphasis on the testimony of Ms. Moffitt, and appellant stated that Ms. Moffitt did not deny that appellant was injured. Appellant contended that the testimony of Ms. Moffitt regarded collateral issues and that a witness cannot be impeached on a collateral matter, citing *Mundy v. Johnson*, 84 Idaho 438, 373 P.2d 755 (1962). The Commission denied the motion for reconsideration by order dated February 12, 1991.

On February 12, 1991, appellant filed a notice of appeal "from the Findings of Fact, Conclusions of Law, and Order entered in the above entitled action on the 15th day of January, 1991."

### ANALYSIS

A. *Standard of Review.*

On appeal, appellant challenges Finding V of the Industrial Commission, regarding the credibility of appellant's and Ms. Moffitt's testimony. In *Dolph v. Hecla Mining Co.*, 119 Idaho 715, 715, 810 P.2d 249, 249 (1991), citing *Vernon v. Omark Indus.*, 115 Idaho 486, 488, 767 P.2d 1261, 1263 (1989), this Court stated:

The standard of review we are bound to follow is whether, construing the record most favorably to the party which pre-

vailed before the Commission, there is any substantial competent evidence to support the Commission's factual findings.

Specifically, with regard to the issue of credibility, the Court has said:

The commission's conclusions as to the weight and credibility of the evidence will not be disturbed on appeal unless they are clearly erroneous.

*Neufeld v. Browning Ferris Industries,* 109 Idaho 899, 902, 712 P.2d 600, 603 (1985).

B. *Issue On Appeal: Was There Substantial Evidence To Support The Industrial Commission's Finding That Appellant Did Not Sustain The Alleged Back Injury On October 7, 1988?*

In Conclusion of Law II, the Commission stated that its conclusion that appellant did not sustain the alleged injury on October 7, 1988 was "[b]ased primarily on the finding that Ms. Moffitt's testimony was more credible than [appellant's] testimony...." The relevant finding, Finding of Fact V, states:

Based upon the Commission's *observation* of the [appellant] during her testimony at the hearing and due to *numerous inaccuracies* in [appellant's] testimony, the Commission does not find her testimony to be credible.

(Emphasis added.) Thus, the Commission's credibility finding consists of two bases: (1) its *observation* of appellant at the hearing, and (2) the *numerous inaccuracies* in her testimony.

As to the first basis for the credibility finding, the observation basis, this Court has long recognized that the fact finder, in passing upon a witness' credibility, may consider the demeanor of the witness on the stand, including

The manner in which a witness tells his [or her] story; the advantages he [or she] appears to have had for gaining accurate information on the subject, the accuracy and retentiveness of his [or her] memory; his [or her] capacity for consecutive narration of acts and events; his

[or her] apparent frankness and intelligence, and numerous other considerations. . . .

*State v. Simes,* 12 Idaho 310, 316, 85 P. 914, 915 (1906).

In the Commission's findings of fact, conclusions of law, and order, it is stated that "[t]he above-entitled matter came on for hearing before Commissioners Will S. Defenbach and Gerald A. Geddes on September 25, 1990 in Pocatello, Idaho." However, the signature lines at the end of the findings of fact, conclusions of law, and order are provided for "Gerald A. Geddes, Chairman," "Logan E. Lanham, Member," and "Betty H. Richardson, Member." Of the three commissioners, only Commissioners Geddes and Lanham signed the document, and only Mr. Geddes was present for the September 25, 1990 hearing.

The observation basis for the credibility finding, which goes to the demeanor of appellant on the witness stand, requires that the Commission actually be present for the hearing. The demeanor of a witness cannot be judged unless the judge is present to observe it. In this case, only one member of the three-member Commission observed appellant. Yet, in the findings of fact, conclusions of law, and order, the Commission recites its observation of appellant at the hearing as a basis for the conclusion that she did not sustain the alleged injury on October 7, 1988. The observation basis, then, does not provide substantial and competent evidence to uphold the Commission's credibility finding.

This does not, however, end our inquiry. We must uphold the Commission's credibility finding if there is any substantial and competent evidence to support the finding, despite the inadequacy of other evidence. *Dolph,* 119 Idaho at 715, 810 P.2d at 249.

As to the second basis for the credibility finding, the numerous inaccuracies basis, this Court has stated:

In the presence of conflicting evidence in worker's compensation proceedings, this Court has consistently recognized the Industrial Commission as the arbiter of

those conflicting facts and acknowledge that the weight to be accorded evidence is within the Commission's particular province.

*Olvera v. Del's Auto Body*, 118 Idaho 163, 164, 795 P.2d 862, 863 (1990), citing *Nelson v. Pumnea*, 106 Idaho 48, 675 P.2d 27 (1983); *Hayes v. Amalgamated Sugar Co.*, 104 Idaho 279, 658 P.2d 950 (1983); I.C. § 72–732.

■ An examination of the record reveals testimony from which the Commission could have found that appellant was inaccurate in numerous respects. For example, in her deposition and during the hearing, appellant states that the drapes were heavy, but at an earlier point in the hearing appellant stated that "the drapes weren't heavy, the rod." In addition, Ms. Moffitt testified that the drapes and rods were not removed in order to clean the windows, but that she, and not appellant, pushed the "sheer curtains and the sheer draperies to the side as far as I could ... because [appellant's] hands might have been wet or soiled." At another point in her deposition, appellant states that she moved "a couch, an overstuffed chair, and several heavy tables, and a TV set." However, during the hearing, Ms. Moffitt testified that she moved the table and that the chair did not need to be moved since it was not in front of a window. Ms. Moffitt also testified that there was no place to move furniture in her home. Finally, Ms. Moffitt testified that appellant did not mention experiencing pain or difficulty or refer to her back hurting.

■ Although only Commissioner Geddes was present at the hearing, the testimony of all witnesses at the hearing was transcribed and made a part of the record. In addition, the deposition of appellant was made a part of the record. Thus, even though Commissioner Lanham, who was the other signator of the findings of fact, conclusions of law, and order, was not present at the hearing, the statements made by appellant and Ms. Moffitt were transcribed and thus available for him to read. Indeed, in the findings of fact, conclusions of law, and order, the Commission states that it considered the evidence and that the hearing testimony and deposition of appellant was part of the evidence. The numerous inaccuracies provide substantial and competent evidence to uphold the credibility finding because Commissioners Geddes and Lanham were able to judge this aspect of appellant's and Ms. Moffitt's testimony.

The specific question we are faced with, then, is whether a finding of fact with two bases, one of which is not supported by substantial and competent evidence, can be sustained. For this question, we turn to our standard of review and ask whether "there is *any* substantial evidence to support the Commission's factual findings." *Dolph*, 119 Idaho at 715, 810 P.2d at 249, citing *Vernon*, 115 Idaho at 488, 767 P.2d at 1263 (emphasis added.) With this standard in mind, we hold that the second basis for the credibility finding, the numerous inaccuracies basis, being supported by substantial and competent evidence, satisfies our standard of review. Therefore, we affirm the decision of the Industrial Commission.

Costs to respondents.

BISTLINE, J., and CAREY, J. Pro Tem., concur.

BAKES, Chief Justice, concurring specially:

I concur in the majority opinion except its conclusion that it was inappropriate for the Commission to use the demeanor of the witness as a basis for its determining credibility where only one of the two Industrial Commission members who participated in the Commission's opinion had observed the witness. While I agree that there is substantial other evidence to support the Commission's finding, and therefore the credibility finding is not reversible error, I disagree with the majority's conclusion that observation of the demeanor of witnesses cannot be a basis for the Industrial Commission's decision unless each of the commissioners signing on to the decision has personally observed the demeanor of the witness.

The present caseload of the Industrial Commission results in most of the Commission's hearings being conducted by hearing examiners, who make recommended findings of fact and conclusions of law and decision to the Commission. This practice is authorized by the rules of the Industrial Commission. The Industrial Commission should be entitled to consider a hearing officer's evaluation of demeanor and credibility as one basis in determining whether or not to accept the hearing officer's recommended findings in a case. Even more so, where one of the commissioners has conducted a hearing, the other commissioners ought to be entitled to consider that commissioner's evaluation of credibility, including his observations of the demeanor of the witnesses. Accordingly, I disagree with that part of the majority opinion which concludes that such a practice is inappropriate. However, I agree with the majority that the Commission's alternative reason for its credibility finding is valid, and therefore I concur in the result of the majority opinion.

JOHNSON, concurring in the result.

I am caught in a dilemma. While I am prepared to concur in the Court's opinion in this case, I view the rationale as being in conflict with the rationale contained in the Court's opinion in *Vendx Marketing Company, Inc. v. Department of Employment,* 122 Idaho 890, 841 P.2d 420 (1992), issued concurrently with the opinion in this case. Specifically, in this case, after rejecting one of the evidentiary grounds for the Commission's decision, the Court considers alternative evidence for upholding the Commission's decision under the substantial and competent evidence standard. Ordinarily, I would agree with this rationale. In *Vendx,* however, after rejecting one of the evidentiary grounds for the Commission's decision, the Court vacates the Commission's decision, even though there is other substantial and competent evidence to support the Commission's decision. I am unable to accept this lack of consistency. Therefore,

I concur in the result in this case, and dissent in *Vendx.*