953 P.2d 593

**Maxine R. SARGENT, Claimant–Appellant,**

v.

**CO–AD, INC., Employer and State Insurance Fund, Surety, Defendants–Respondents.**

**No. 23166.**

Supreme Court of Idaho,
Boise, November 1997 Term.

Feb. 27, 1998.

Rehearing Denied April 3, 1998.

Maxine R. Sargent, Clarkston, WA, pro se claimant-appellant.

Mosman Law Offices, Moscow, for defendants-respondents.

SILAK, Justice.

This is an appeal from an Industrial Commission (Commission) decision denying medical and disability benefits, which was rendered after a hearing and post-hearing brief. The claimant appeals, requesting total temporary disability benefits for an alleged back injury. We affirm the decision of the Commission.

# I.

## FACTS AND PROCEDURAL BACKGROUND

Appellant Maxine Sargent (Sargent) was employed as a fiscal officer for respondent Co–Ad Inc. (Co–Ad) from the spring of 1983 until March of 1993. On February 10, 1992, Sargent was working in her home for Co–Ad when her printer jammed. As she reached over to fix the problem, she experienced lower back pain, pain in her right leg to the knee, and pain in her left upper leg to the knee. Sargent had no problems with her lower back before this incident. Sargent was terminated from her position with Co–Ad in March of 1993.

As a result of this incident, Sargent received physical therapy two to three times a week from Twin Rivers Physical Therapy. During this therapy, the therapist noted several incidents where Sargent experienced increased back pain from activities such as yard work and moving carpet.

After the accident, Sargent saw numerous doctors for pain in her legs and knees. Further examinations led Sargent's doctors to believe she had problems with the L3 disk in her back which was pressing on the nerve roots. In 1994, Sargent had surgery on her left knee because she was told her back would not get better without knee surgery. Sargent was never compensated for this knee surgery.

On August 27, 1992, Dr. Alex Verhoogen evaluated Sargent, at the request of the State Insurance Fund. Dr. Verhoogen determined that Sargent's injury to her right knee was not causally related to the February 10, 1992 twisting accident.

On August 29, 1994, it was recommended to Sargent that she have surgery at the L3–4 disk. Sargent refused. Then on November 8, 1994, degenerative changes were noted at the L5–S1 disk. A subsequent MRI in 1995 indicated a herniated disk. Sargent underwent surgery on the L5–S1 disk on February 8, 1995.

Following the February 1992 accident, Sargent filed a claim with the Commission. On June 3, 1996, the Commission adopted the

findings of fact and conclusions of law of the referee that Sargent had not carried her burden of proving the surgery was causally related to the accident, and that Sargent had experienced a subsequent intervening accident which caused the L5–S1 disk herniation. The referee found that the "[m]edical records indicate there was an acute change in Claimant's complaints from those that she first presented with in early March 1992."

Therefore, the Commission held that Sargent was not entitled to medical or total temporary disability benefits for the herniated disk and the surgery, but that she was entitled to medical benefits from February 10, 1992 through May 20, 1992. It also held that Sargent was not entitled to total temporary disability benefits from February 10, 1992 through May 20, 1992.

Sargent filed a motion for reconsideration which was denied on July 16, 1996. Sargent appeals the decision of the Commission.

## II.

### ISSUE ON APPEAL

The issue on appeal is whether there is substantial and competent evidence to support the Commission's decision to deny total temporary disability benefits.

## III.

### STANDARD OF REVIEW

■ In reviewing decisions by the Commission, this Court exercises free review over questions of law, but will not disturb findings of fact "if they are supported by substantial and competent evidence." *Berglund v. Potlatch Corp.*, 129 Idaho 752, 754, 932 P.2d 875, 877 (1996). "Substantial and competent evidence is relevant evidence that would be accepted by a reasonable mind as adequate to support a conclusion." *Id.*

■ Whether an injury arose from the course of employment is a factual determination. *Koester v. State Ins. Fund*, 124 Idaho 205, 208, 858 P.2d 744, 747 (1993). While the Worker's Compensation Act is to be construed liberally in favor of the claimant, the claimant must prove a "probable, not merely a possible, causal connection between the employment and the injury." *Id.*

## IV.

### THE COMMISSION'S CONCLUSION THAT THE INJURY DID NOT RESULT FROM AN ACCIDENT OCCURRING DURING THE COURSE OF EMPLOYMENT IS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE

■ Sargent cites various doctors' reports to support her argument that the February 10, 1992 twisting incident was the sole cause of her back injury. The claimant has the burden of proving the disability was "caused by an accident arising out of and in the course of [ ] employment." *Callantine v. Blue Ribbon Linen Supply*, 103 Idaho 734, 734–35, 653 P.2d 455, 455–56 (1982). This Court has stated that

[i]n the presence of conflicting evidence in worker's compensation proceedings, this Court has consistently recognized the Industrial Commission as the arbiter of those conflicting facts and acknowledge that the weight accorded evidence is within the Commission's particular province.

*Darner v. Southeast Idaho In–Home Serv.*, 122 Idaho 897, 900–01, 841 P.2d 427, 430–31 (1992) (quoting *Olvera v. Del's Auto Body*, 118 Idaho 163, 164, 795 P.2d 862, 863 (1990)).

In *Cole v. Stokely Van Camp*, this Court found that there was substantial evidence to support the Commission's findings that the injury was not causally related to the accident. *Cole v. Stokely Van Camp*, 118 Idaho 173, 175, 795 P.2d 872, 874 (1990). The substantial evidence consisted of one doctor stating the injury was not the cause of the claimant's medical condition, whereas one doctor said the accident was the cause of the condition, and another doctor stated that the lapse of time made it difficult for him to determine whether the injury was the cause of the problem. *Id.*

Although there is conflicting evidence in this case, there is evidence to support the Commission's findings. Dr. Verhoogen reported that he "would have a hard time

associating the present symptoms with the described incident of 2 March 1992." Additionally, the referee based her finding of no causal connection on the deposition of Dr. Colburn. In that deposition, Dr. Colburn opined that the injury requiring the surgery occurred when a minor twist occurred sometime after the 1992 injury. Dr. Colburn opined that the operation on Sargent's back was related to changes *initiated* by the 1992 injury.

The claimant must prove a probable causal connection between the employment and the injury. *Koester*, 124 Idaho at 208, 858 P.2d at 747. The claimant's burden is higher than showing a mere possible connection. Based on the opinions of doctors that examined and treated Sargent, we find there was substantial and competent evidence to support the Commission's decision that the injury did not result from an accident occurring during the course of Sargent's employment.

## V.

## CONCLUSION

The decision of the Commission is affirmed. Costs to respondents.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.