878 P.2d 757

**Douglas J. REIHER, Claimant–Appellant,**

v.

**AMERICAN FINE FOODS, employer, and National Union Fire Insurance Company, Defendants–Respondents.**

No. 20662.

Supreme Court of Idaho,
Boise, January 1994 Term.

June 15, 1994.

Rehearing Denied Aug. 25, 1994.

Goicoechea Law Offices, Chartered, Boise, for appellant. Lynn Luker, argued.

Quane, Smith, Howard & Hull, Boise, for respondents. Alan Hull, argued.

McDEVITT, Chief Justice.

Appellant, Douglas J. Reiher ("Reiher"), challenges the manner in which the Idaho Industrial Commission ("Commission") apportioned his permanent disability between a preexisting injury and an injury he incurred while working for respondent, American Fine Foods ("American"). Reiher asserts that the Commission erred in only attributing 18.5% of his permanent disability to the new injury. We vacate the order of the Commission and remand the case for proceedings consistent with this opinion.

## BACKGROUND

Reiher worked for American as a bean dumper. Reiher worked an average of eight to ten hours of overtime per week at time-and-a-half pay. On March 20, 1990, Reiher injured his right hand while attempting to free a stuck crank. At the time of the accident, Reiher was earning $7.16 per hour. Reiher sought treatment for the injury from Dr. Bills, an orthopedic physician, who ultimately referred Reiher to Dr. Watkins, a hand specialist who performed surgery on Reiher's hand. Despite the surgery, Reiher still experiences debilitating pain, from residual post-traumatic arthritis, in his right hand after prolonged or strenuous use. Dr. Watkins gave Reiher a 5% impairment rating for the right hand injury. Another doctor, Dr. Bowman, employed by the surety to examine Reiher, gave Reiher a 10% impairment rating. Prior to the hearing before the Commission, the parties stipulated that Reiher suffered a medical impairment of 4.5%. Reiher has limited lateral and radial motion in his right hand. He can no longer engage in anything but light manual labor.

Reiher previously lost three fingers on his left hand in a work-related injury incurred at a previous place of employment. He received permanent disability benefits for the injury at the time it occurred. Before receiving the injury at issue in this case, Reiher

was able to compensate for the partial loss of his left hand by adapting with his right hand. Reiher has performed medium to heavy manual labor for most of his life. The Commission determined that Reiher's impairment attributable to the left hand injury equalled 15% of the whole person.

After injuring his right hand, Reiher received immediate alternative employment with American as a security guard earning $7.16 per hour. At the time of the hearing, Reiher was earning $7.90 per hour with a benefits package worth $207 per month. He no longer can accumulate the overtime hours that he worked when employed as a bean dumper. Reiher's expert, Wendy Nuttycombe, testified that Reiher lost access to 72% of the labor market due to the combined effects of the injuries to both hands. Of that 72%, she testified that 81% was due to the new injury. American's expert, James Grissom, testified that Reiher lost access to 30% to 40% of the labor market as a result of both hand injuries. The two experts agreed that Reiher's access to the labor market was limited to positions paying $5 to $6 an hour.

Based on the testimony proffered, the referee determined that Reiher had an overall permanent disability of 38%, including the 19.5% physical impairment rating (4.5% attributable to the new right hand injury and the remaining 15% attributable to the preexisting left hand injury). In factoring this disability percentage, the referee refused to consider evidence of Reiher's probable future wage increases as a bean dumper. In apportioning the disability between the preexisting left hand injury and the new right hand injury, the referee applied the formula set out in *Carey v. Clearwater County Rd. Dep't*, 107 Idaho 109, 686 P.2d 54 (1984), noting the limiting language harbored in *Weygint v. J.R. Simplot Co.*, 123 Idaho 200, 846 P.2d 202 (1993), regarding the applicability of the *Carey* formula to non-medical apportionment issues. The referee attributed 23% of Reiher's physical disability in excess of impairment of 18.5% (38% minus 19.5%), or 4.25%, to his right hand injury, and awarded Reiher benefits based on that percentage in addition to the 4.5% impairment rating. The Commission wholly adopted the referee's findings

and conclusions and entered an order awarding Reiher 8.75% permanent partial disability on April 27, 1993. Reiher appeals this order.

This Court addresses the following issues on appeal:

I. Whether the Commission erred in concluding that *McClurg v. Yanke Machine Shop*, 123 Idaho 174, 845 P.2d 1207 (1993), precluded it from considering probable future wage increases in determining Reiher's permanent disability.

II. Whether the Commission's award of permanent disability is supported by substantial and competent evidence.

III. Whether the Commission erred in apportioning Reiher's permanent disability between his right and left hand injuries under I.C. § 72–406 in proportion to the apportionment of his impairment ratings.

## STANDARD OF REVIEW

The standard of review for appeals from the Industrial Commission is two-fold. While this Court will exercise free review over the Commission's legal conclusions, Idaho Const. art. V, § 9; *Spruell v. Allied Meadows Corp.*, 117 Idaho 277, 278, 787 P.2d 263, 264 (1990), it will not disturb the Commission's factual findings if they are supported by substantial and competent evidence. *Spruell*, 117 Idaho at 278, 787 P.2d at 264. Substantial and competent evidence consists of " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Idaho State Ins. Fund v. Hunnicutt*, 110 Idaho 257, 260, 715 P.2d 927, 930 (1985) (citation omitted).

## ANALYSIS

### I.

**THE COMMISSION DID NOT ERR IN CONCLUDING THAT *McCLURG v. YANKE MACHINE SHOP* PRECLUDED IT FROM CONSIDERING PROBABLE FUTURE WAGE INCREASES IN DETERMINING REIHER'S PERMANENT DISABILITY**

■ The Commission, in determining the extent of Reiher's disability, employed the

test "whether the physical impairment, taken in conjunction with non-medical factors, has reduced claimant's capacity for gainful activity." The Commission found that Reiher's pre-injury and post-injury income levels did not accurately reflect his post-injury ability to engage in gainful activity. The Commission did not base this finding upon any wage increase Reiher would have received as a bean dumper, though it acknowledged that evidence of such increase would have been a reasonable factor in determining disability but for the preclusive language of *McClurg v. Yanke Machine Shop*, 123 Idaho 174, 845 P.2d 1207 (1993). Reiher argues that *McClurg* does not prohibit the Commission from considering the factor of probable future wage increases in the pre-injury employment where there is sufficient evidence to support a finding that a claimant would have received such increases, and that such consideration is relevant under I.C. §§ 72–425 and 430.

Reiher accurately articulates that this Court's language in *McClurg* does not prohibit the Commission from considering probable future wage increases where the Commission's finding of such increases is supported by substantial and competent evidence, and "injustice [would result] by virtue of a failure to account for intervening wage increases...." *McClurg*, 123 Idaho at 176, 845 P.2d at 1209. In *McClurg*, the Court held that the Commission may not consider such increases where they are speculative and unsupported by law. *Id.* Such increases are speculative and unsupported by law unless the claimant is performing the act being used as the test pre-injury and post-injury. In this case, Reiher's employment activity changed after he was injured. Therefore, any future wage increases that he may have received had he remained a bean dumper are unascertainable and irrelevant under *McClurg*.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S AWARD OF PERMANENT DISABILITY

■ Reiher challenges the Commission's choice to reject the opinion of Reiher's labor

market expert when assessing his permanent disability.

The Commission recognized that, but for the good fortune Reiher had in obtaining his present position as a security guard, he would be unable to compete in the open labor market as he had in the past, and assigned Reiher a partial permanent disability rating of 38%, including the 19.5% impairment rating. The Commission cited the testimony of Dr. Watkins, Reiher's treating physician, and John Grissom, American's labor market expert, as the basis for its conclusions.

An award of permanent disability is a factual finding. This Court will not disturb the Commission's factual findings if they are supported by substantial and competent evidence. *Spruell v. Allied Meadows Corp.*, 117 Idaho 277, 278, 787 P.2d 263, 264 (1990). Moreover, we refuse to disturb on appeal the Commission's conclusions as to the weight and credibility of the evidence unless they are clearly erroneous. *Darner v. Southeast Idaho In Home Servs.*, 122 Idaho 897, 900, 841 P.2d 427, 430 (1992) (quoting *Neufeld v. Browning Ferris Indus.*, 109 Idaho 899, 902, 712 P.2d 600, 603 (1985)); *Roberts v. Asgrow Seed Co.*, 116 Idaho 209, 211, 775 P.2d 101, 103 (1989). In this case, the Commission's conclusions as to the weight and credibility of the testimony of both Reiher's and American's experts are not clearly erroneous. Therefore, we decline to second guess the Commissions' assessment of the reliability of the evidence and uphold the Commission's award of permanent disability.

## III.

### THE COMMISSION ERRED BY APPORTIONING REIHER'S PERMANENT DISABILITY IN PROPORTION TO HIS IMPAIRMENT RATINGS

■ Reiher also challenges the manner in which the Commission apportioned his permanent disability between his right and left hand injuries. Specifically, Reiher argues that the Commission should not have apportioned Reiher's disability between his preexisting injury and his current injury according

to the formula devised by this Court in *Carey v. Clearwater County Rd. Dep't,* 107 Idaho 109, 686 P.2d 54 (1984). We agree.

The Commission must be presumed by its experience to be able to judge the causative factors in a particular case, and be allowed a degree of latitude in making an apportionment. *Brooks v. Standard Fire Ins. Co.,* 117 Idaho 1066, 1070, 793 P.2d 1238, 1242 (1990) (citing *Clark v. Brennan Constr. Co.,* 84 Idaho 384, 372 P.2d 761 (1962)). When apportionment is supported by substantial and competent, although conflicting, evidence, it will not be overturned on appeal. *Id.* The Commission's application of the *Carey* formula to apportion his permanent disability is not supported by substantial competent evidence.

In *Carey,* this Court ruled that, in cases of total disability, where apportionment is required pursuant to Idaho Code § 72–332, the appropriate solution to apportioning non-medical disability factors between an employer and the Industrial Special Indemnity Fund is to prorate the non-medical portion of disability in proportion to their respective percentages of responsibility for the physical impairment. *Carey,* 107 Idaho at 118, 686 P.2d at 63. However, the *Carey* formula is not a formula to be mechanically applied to all non-medical apportionment issues. *Weygint v. J.R. Simplot Co.,* 123 Idaho 200, 204, 846 P.2d 202, 206 (1993). Idaho Code § 72–406 governs the apportionment of permanent disability in cases involving a preexisting impairment, absolving the employer from responsibility for any disability attributable to the preexisting injury. The Commission's apportionment under this statute must be explained with sufficient rationale to enable this Court to review whether the apportionment is supported by substantial and competent evidence. *Edwards v. Harris Constr.,* 124 Idaho 59, 60, 856 P.2d 96, 97 (1993). The application of the *Carey* formula to I.C. § 72–406 apportionments does not present substantial competent evidence to justify the apportionment that is made.

The Commission reasoned that the Carey formula was appropriate in this case because, but for the preexisting left hand injury, the debilitating effects of the right hand injury would be relatively minor. The Commission felt that American should not be punished for having hired an obviously physically impaired individual. This is not the applicable standard to determine what degree of disability the claimant had prior to the compensable injury. The record in this case clearly shows that Reiher suffered no disability before his right hand injury. The Commission recognized that Reiher's left hand injury did not impede his earning capacity, which impediment would be the primary basis for awarding permanent partial disability. *Baldner v. Bennett's,* 103 Idaho 458, 461, 649 P.2d 1214, 1217 (1982). Reiher was able to compensate for the injury with his right hand, and performed heavy labor for more than twenty years after the injury. In spite of this fact, the Commission chose to apply the *Carey* formula to determine apportionment, attributing a large portion of Reiher's disability to the left-hand injury. The Commission then attempted to justify its decision to apply the *Carey* formula rather than to provide a sufficient rationale to support its determination of the degree of disability suffered by Reiher at the time of the second injury. The use of the *Carey* formula to apportion disability in accordance with I.C. § 72–406 results in there being no compensation for one portion of the disability being apportioned. The Commission has failed to award Reiher the disability he is entitled to under I.C. § 72–406 by applying the *Carey* formula in the face of *Weygint v. J.R. Simplot Co.,* 123 Idaho 200, 846 P.2d 202 (1993), and *Edwards v. Harris Constr.,* 124 Idaho 59, 856 P.2d 96 (1993). Accordingly, we vacate and remand this case for proceedings consistent with this opinion.

Costs to appellant.

BISTLINE, JOHNSON and TROUT, JJ., concur.

SILAK, J., concurs in the result in part I; concurs in parts II and III.