879 P.2d 597

**Bruce CHALLIS, Claimant–Appellant,**

v.

**LOUISIANA–PACIFIC CORPORATION, Employer–Respondent.**

**LOUISIANA–PACIFIC CORPORATION, Claimant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant.**

**No. 20433.**

Supreme Court of Idaho, Pocapello, May 1994 Term.

Aug. 16, 1994.

Goicoechea Law Offices, Idaho Falls, for appellant. Delwin W. Roberts argued, Idaho Falls.

Sims, Liesche, Newell, Kelso, Wallace & Wallace, Coeur d'Alene, for respondent. Starr Kelso argued, Coeur d'Alene.

TROUT, Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

This is a worker's compensation case in which the worker, appellant Bruce Challis (Challis), asserts the Industrial Commission (Commission) erred in its determination of the extent of his impairment and disability. Challis injured his right hand in a work-related accident in April of 1986 while employed as a saw-filer by respondent, Louisiana–Pacific. He was treated and subsequently found to be medically stable and released for work on July 25, 1986. He worked full time until August 6, 1986, when

he was terminated from employment with respondent for filing a false insurance claim against respondent's insurer relating to the injury, the filing of which he does not deny. Thereafter he had some sixteen surgeries on his right hand and arm, including a complete wrist fusion performed in September of 1989.

Challis sought compensation benefits, and in April of 1991 filed an application for hearing. Respondent answered, admitting the accident and that some impairment had occurred. Respondent subsequently joined the Industrial Special Indemnity Fund (ISIF), based on Challis' allegation of hearing loss and odd-lot status. In July of 1992, respondent admitted Challis was impaired to the extent of three percent of the whole person.

In August of 1992, a hearing was held before all three members of the Commission. At the hearing, the Commission was presented with a surveillance videotape (the Videotape) of Challis, taken in September of 1990, in which he was shown working in his yard, primarily gathering worms from the lawn. The Videotape showed Challis using a garden hose to dowse the ground and to fill a fifty-five gallon drum; tipping over the water-filled drum and lifting it up once empty; and bending over and picking up worms from the ground. These activities required that Challis use his right hand and arm extensively. The Commission also was presented with the videotaped deposition of Challis, taken a month and a half after the Videotape, in which Challis represented, both verbally and physically, that the use of his right arm was extremely limited, so much so that he could barely pick up pencils from the table, and could not pick up the same pencils from the floor. At his videotaped deposition, Challis stated that he was in constant and severe pain in his arm and also had constant headaches which he equated with the injury and subsequent alleged impairment.

At the conclusion of the hearing, the Commission granted the ISIF's motion for dismissal, which dismissal is not an issue on appeal. On December 15, 1992, the Commission issued findings of fact, conclusions of law and order dismissing the ISIF and rating Challis' impairment and disability at three percent of the whole man. The Commis-

sion's ruling was basically a credibility determination, *i.e.*, that Challis was not a credible witness, which they concluded from viewing the surveillance videotape and deposition videotape and from having judged Challis' credibility at the hearing. Based on its determination that Challis was not accurately representing the extent and severity of his impairment, the Commission rejected his proffered medical expert testimony which rated his impairment as high as forty-three percent of the whole person and, instead, rated his impairment at three percent of the whole person. As to Challis' disability rating, the Commission concluded that Challis had failed to show that his disability exceeded his impairment and found that the vocational evidence proffered by Challis was not of any use because of Challis' misrepresentation to vocational counselors as to the extent of his impairment. The Commission rated his disability at three percent of the whole person. This appeal followed. We note that in his brief to this Court on appeal, Challis presented numerous issues. However, all of the issues framed by Challis essentially challenge the Commission's impairment and disability ratings and it is these issues we address in this appeal.

### DISCUSSION

### I.

### THE IMPAIRMENT RATING

We review the Commission's impairment rating in two steps. First, since the Commission's impairment rating involved a determination regarding Challis' credibility, we review the Commission's determination on that point. Second, we review the Commission's rating of the impairment at three percent of the whole person.

The Commission determined that because of Challis' lack of credibility in matters relating to the use of his arm, the physicians consulted were not able to evaluate accurately his physical impairment. The Commission determined that Challis' lack of credibility was of such magnitude that it was "unable to give credit to [the various impairment ratings]." The Commission also noted that al-

though various physicians issued an impairment rating, with some giving Challis a substantial rating, one physician, Dr. Watkins, was unable to rate Challis' impairment because of his "functional problems and his failure to cooperate and give full effort to testing." In addition, one psychiatrist concluded that Challis was malingering and that he exaggerated his symptoms.

■ On review of a Commission's factual findings involving credibility, this Court must uphold the Commission's witness credibility determination if there is any substantial and competent evidence to support the finding. *Darner v. Southeast Idaho In–Home Servs.,* 122 Idaho 897, 841 P.2d 427 (1992); *see also Roberts v. Asgrow Seed Co.,* 116 Idaho 209, 775 P.2d 101 (1989). Here, the Commission cited several bases for its determination that Challis was not credible. The main reason for the Commission's conclusion was the Videotape made of Challis working in his yard during September of 1990, after both the accident and the wrist fusion. The Commission characterized the tape as showing Challis as

> ... a very active person and [that] he has no limitations in bending over gathering worms, using his right hand to engage in his activities. He also lifted and dumped a large barrel ... he used his right arm predominately.... There was no indication that he had restrictions of motion at his right elbow. [In contrast to his deposition testimony] the video tape clearly demonstrates that he has excellent use of his right arm.

The Commission rejected the expert testimony presented by Challis regarding his impairment and concluded that "[i]t is clear that Claimant has misled many physicians in this case to believe that he has significant medical problems and physical restrictions relating to his injury when, in fact, as demonstrated by the video tape, Claimant is not disabled."

The Commission found further evidence of Challis' lack of credibility in his inconsistent explanation for filing a false insurance claim regarding his hand injury. In his videotaped deposition, Challis testified that he filed the false claim because he was upset with the plant manager. Before the Commission, he testified that he filed it because of financial difficulties. The Commission also stated that Challis gave inconsistent explanations for the termination of his employment at Louisiana–Pacific.

Our review of the record convinces us that the Commission's factual determination regarding Challis' credibility was not clearly erroneous. *Houser v. Southern Idaho Pipe & Steel, Inc.,* 103 Idaho 441, 649 P.2d 1197 (1982). In fact, the Videotape shows Challis to be, as the Commission stated, active and having extensive use of his right arm. The Bruce Challis in his videotaped deposition taken shortly after the Videotape was made appears as an entirely different person, who, at least according to his taped deposition, could barely pick up pencils from the table with his right hand and could not pick up pencils at all from the floor. The Commission obviously drew a conclusion regarding Challis' credibility based on the two tapes and nothing in the record convinces us that the Commission's determination regarding Challis' credibility, or lack thereof, is wrong. Further, there is other evidence in the record beyond the Videotape to support the Commission's determination that the claimant exaggerates his symptoms. As cited by the Commission, at least one psychiatrist concluded that Challis malingered and exaggerated his symptoms. We find that there is substantial and competent evidence to support the Commission's credibility determinations.

■ The Commission's impairment rating will not be disturbed on appeal if there is any substantial and competent evidence to support it. *Gradwohl v. J.R. Simplot Co.,* 96 Idaho 655, 534 P.2d 775 (1975). Further, although a physician may provide information helpful to the Commission in its determination of the extent of impairment, the Commission determines the weight to be given to expert testimony. *Baker v. Louisiana Pac. Corp.,* 123 Idaho 799, 853 P.2d 544, *cert. denied,* —— U.S. ——, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993).

The Commission's impairment rating of three percent was based largely on the credi-

bility determination. As discussed, there is substantial evidence to support this credibility decision. Further, there is substantial and competent evidence in the record to support the percentage of impairment allocated. There was evidence in the record, specifically that of the initial treating physician, Dr. Workman, that Challis had a permanent physical impairment of three percent of the whole person. This rating was made soon after Challis' 1986 injury, presumably before his credibility was implicated. The Commission cited this evidence in its findings of fact. This testimony provides substantial and competent evidence to support the Commission's impairment determination.[1]

## II.

### THE DISABILITY RATING

■ The Commission's disability determination will not be disturbed on appeal as long as there is any substantial and competent evidence to support it. As well, where credibility decisions affect this rating, such determination will not be disturbed on appeal unless clearly erroneous, *i.e.*, there is no substantial and competent evidence to support the factual determination. *Brooks v. Standard Fire Ins. Co.*, 117 Idaho 1066, 793 P.2d 1238 (1990).

The Commission found that Challis misled the vocational evaluators who attempted to assist him in obtaining employment and that therefore, their opinions were of little value. The Commission determined that because of

Challis's lack of credibility and lack of motivation to obtain employment, he had failed in his burden to establish that his disability rating exceeded his impairment. The Commission, therefore, determined his disability rating to be the same as his impairment rating—three percent of the whole person. The Commission noted that "[t]here is evidence that there are substantial opportunities for employment available to Claimant, should he desire to avail himself of those opportunities."

The record, specifically the Videotape, Challis' testimony and the testimony of vocational counselors, provides substantial and competent evidence to support the Commission's determination that Challis failed in his burden to prove that his disability exceeded his impairment rating. The surveillance videotape provides substantial and competent evidence that the vocational counselors were working under a mistaken assumption regarding Challis' use of his right arm, which false assumption undermined any testimony regarding his ability to function in the job market.[2]

## III.

### ATTORNEY FEES ON APPEAL

■ Respondent asks that the Court award attorney fees on appeal. As an initial matter, we note that the controlling statute for an award of fees in a worker's compensation case is I.C. § 72–804, and that under that section, an award of fees may not be

---

1. We reject Challis' argument that the Commission failed to provide an adequate explanation for why Challis' lack of credibility negates the doctors' findings on impairment. The Commission adequately recited its reasons for this credibility determination and, contrary to appellant's argument, this explanation is sufficient for the Court to conduct its review. The Commission explained that its review of the Videotape convinced it that Challis was able to use his right arm readily and that, therefore, the Commission was not giving credence to the physicians' testimony regarding impairment or to the vocational testimony presented by Challis. Contrary to the cases cited by appellant, this case does not represent a situation in which the Court is unable to ascertain the basis for the Commission's impairment determination, thereby warranting remand. *See, e.g., Edwards v. Harold L. Harris Constr.*, 124 Idaho 59, 856 P.2d 96 (1993) (remanding where

the Commission failed to provide a sufficient rationale, to allow for appellate review, for apportioning a percentage of a disability to a preexisting condition); *Weygint v. J.R. Simplot Co.*, 123 Idaho 200, 846 P.2d 202 (1993) (same).

2. Contrary to appellant's argument, we find that the Commission did consider the non-medical factors listed in I.C. § 72–430 in determining his disability rating. The Commission's findings clearly reveal that it considered factors such as Challis' occupation, his age, and his ability to compete in the labor market. In addition, the Commission obviously considered the non-medical factor of credibility in making its disability determination. The Commission found that Challis' ability to work was not diminished, which finding is supported by substantial and competent evidence.

made against the claimant. However, respondent's request for fees is made as against Challis' attorney, pursuant to Idaho Appellate Rule 11.1. That rule allows for the award of fees against an attorney if an appeal is not made in the good faith belief that it is well grounded in law or fact. We have not previously considered the applicability of I.A.R. 11.1 in the worker's compensation context, and decline to do so now.

Even if I.A.R. 11.1 were to provide an appropriate vehicle for an award of fees in a worker's compensation case, we find nothing in the record to warrant an award in this case. Although we do not find in favor of appellant, legitimate legal questions were presented by this appeal. Further, nothing in the record convinces us that Challis' attorney did not believe that his client's appeal was well grounded in law or fact.

### CONCLUSION

The Commission's decision is affirmed. Costs on appeal to respondent. Each party to bear its own fees.

McDEVITT, C.J., JOHNSON, J. and REINHARDT, J. pro tem. concur.

SILAK, J., sat but did not participate.