5 P.2d 475

**Cindy VASSAR, Claimant–Appellant,**

v.

**J.R. SIMPLOT COMPANY, Defendant–Respondent.**

No. 25120.

Supreme Court of Idaho, Boise January 2000 Term.

June 29, 2000.

Stephen K. Stark, Nampa, argued for appellant.

Daniel A. Miller, Boise, argued for respondent.

WALTERS, Justice.

This is an appeal from the Industrial Commission's determination of disability resulting from Cindy Vassar's 1994 industrial injury. Vassar appealed from the Commission's determination. We affirm.

## BACKGROUND AND PRIOR PROCEEDINGS

J.R. Simplot Company hired Vassar as a truck driver in August 1994. On October 14, 1994, Vassar slipped on a snowy step while checking the refrigeration unit on her truck and sustained an injury to her neck that caused bilateral hand numbness.

Vassar received total temporary disability benefits from Simplot through June 1995 when Simplot determined that she had become medically stable. In March 1996, Vassar filed a complaint with the Industrial Commission. She sought total temporary benefits from the time that Simplot stopped paying, together with medical and partial permanent disability benefits. Following a hearing and a period of post-hearing discovery, the referee entered a decision that was adopted in part by the Industrial Commission and apparently modified over the dissent of Commissioner Kerns. The Commission found that Vassar had suffered a neck injury that caused permanent physical impairment equal to 14% of the whole person. The Commission also determined that Vassar suffered disability in excess of physical impairment and found that overall she had suffered a 25% disability. This finding rejected Vassar's expert testimony that she had suffered a 58% overall disability. Vassar appealed from this determination.

In support of its determination, the Commission made the following findings of fact:

**27. Permanent Disability.** Douglas Crum, Claimant's vocational expert, opined that Claimant has an overall disability of 58%. Defendant's expert, Terry Montague, testified that he does not give disability ratings, but questions the extent of Claimant's disability. The Commission considered the following pertinent medical and non-medical factors.

28. Claimant was born on February 7, 1952, and was 45 years old at the time of hearing. She is a 1970 high school graduate with average grades. Claimant grew up on a farm and has done work for her father throughout the years. She has training in cosmetology (which training she has not used) and about 22 years of truck driving experience. Claimant lives in the Treasure Valley and has access to the largest labor market in Idaho.

29. Claimant is limited to light-sedentary work and should not perform repetitive work involving her hands that would aggravate median nerve entrapment. She can sit or stand up to 60 minutes at a time up to six hours a day, or walk up to 7 hours a day. There is a disagreement whether these restrictions alone restrict Claimant from truck driving. In 1991, after Claimant complained that she could not tolerate truck driving, Dr. Schneider told Claimant that she could not return to work as a truck driver because of her low-back injury.[1] Claimant testified that she did return to driving and used lumpers[2] for a while. However, the record does not clearly establish that Claimant worked continuously as a truck driver. In addition, Claimant drove a beet truck during the 1996 harvest. Mr. Montague testified that that work is physically demanding and involves long hours of sitting. He was surprised to learn that she did the work.

30. Mr. Montague further testified that there were numerous jobs available that Claimant could perform within the $5.00 and $6.00/hour range. Claimant was earning $506.50/week, including a benefits package, or $12.66/hour, at the time of her 1994 industrial accident. She had just begun making that salary and did not advise

---

1. This is a reference to a prior back injury that is unrelated to Vassar's current condition. The doctors in that prior case also indicated that Vassar could no longer drive trucks. One month after the settlement in that case, Vassar took another job as a truck driver.

2. Lumpers are people that help the driver load and unload the cargo.

Simplot of her low-back restriction from truck driving. Moreover, given Claimant's restrictions after her 1991 accident and her need to use lumpers, it is unlikely that Claimant has earned $26,000.00/year, the salary of a long-haul truck driver, since her low-back injury. However, Claimant cannot now return to any truck driving at all. Thus, she has experienced far more limited access to the labor market and lower income than that relied upon by Mr. Crum in rendering his opinion. Accordingly, the Commission finds that Claimant suffers a disability of 25% of the whole person, inclusive of her physical impairment rating attributable to her 1994 industrial accident. This equals $26,812.50.

Vassar argues that the Commission should not have considered her wage track record or her prior back injury. According to Vassar, the Commission must accept the wage that Vassar was earning at Simplot as the quantification of her pre-injury ability to engage in gainful activity.

## STANDARD OF REVIEW

■ On appeal from the Industrial Commission, this Court exercises free review of the Commission's legal conclusions. *Reiher v. American Fine Foods*, 126 Idaho 58, 878 P.2d 757 (1994). However, this Court will not disturb the Commission's factual findings that are supported by substantial and competent evidence. *Id.*

## DISCUSSION

■ Idaho Code § 72–425 provides that " 'Evaluation (rating) of permanent disability' is an appraisal of the injured employee's present and probable future ability to engage in gainful activity as it is affected by the medical factor of permanent impairment and by pertinent nonmedical factors as provided in section 72–430, Idaho Code." Accordingly, when the Commission determines the permanent disability of a claimant, the Commission is required to examine the factors provided in § 72–430. In *Baldner v. Bennett's Inc.*, 103 Idaho 458, 649 P.2d 1214 (1982), this Court held that in some circumstances the Commission could consider a comparison of the claimant's pre-injury and post-injury in-

comes as relevant evidence. However, such a comparison is merely one of the relevant factors to be considered. *Loya v. J.R. Simplot*, 120 Idaho 62, 813 P.2d 873 (1991). As this Court noted in *Loya*, consideration of only the claimant's decrease in earning capacity would require reversal. Consideration of a comparison between pre-injury and post-injury earning capacity is permissible only if the Commission also finds that the comparison accurately reflects the claimant's ability to engage in gainful activity. *Bennett v. Clark Hereford Ranch*, 106 Idaho 438, 680 P.2d 539 (1984); *McClurg v. Yanke Machine Shop, Inc.*, 123 Idaho 174, 845 P.2d 1207 (1993). It is implicit in the Commission's findings of fact in this case that it did not believe that Vassar's pre- and post-injury wages accurately reflected her reduced ability to engage in gainful activity.

■ Vassar argues that I.C. § 72–102(30) requires that the Commission base its determination upon the Claimant's I.C. § 72–419 average weekly wage. Idaho Code § 72–102(30) provides that " 'Wages' and 'wage earning capacity' prior to the injury … mean the employee's money payments for services as calculated under section 72–419, Idaho Code." The Commission's evaluation of permanent disability is governed by I.C. § 72–425, which requires "an appraisal of the injured employee's present and probable future ability to engage in gainful activity." Vassar, however, has provided no authority indicating that either "wages" or "wage earning capacity" as used in § 72–102(30) and "ability to engage in gainful activity" as used in § 72–425 are synonymous. Furthermore, the mathematical precision of § 72–419 is seemingly inconsistent with the subjective analysis required under § 72–425 and the prior decisions of this Court. *See, e.g., Bennett, supra; Loya, supra.* ("We agree with the Commission's interpretation of I.C. § 72–419(9) as applying only to the computation of a claimant's average weekly wage, and not to the evaluation of a claimant's permanent disability under I.C. § 72–425."). Section 72–419 is used to calculate the rate at which income benefits are paid, which is better suited to mathematical calculation. When evaluating a claimant's permanent physical

disability, the Commission is required to consider the factors articulated in § 72–425 and cannot rely solely upon mathematical calculation.

As required by § 72–425, the Commission considered both medical and pertinent non-medical factors in determining the effect of Vassar's industrial injury upon her ability to engage in gainful activity. We hold that the Commission's determination is supported by substantial and competent evidence.

## CONCLUSION

The Industrial Commission's decision is affirmed. Costs to the respondent; no attorney fees are awarded.

Chief Justice TROUT and Justices SCHROEDER and KIDWELL concur.

Justice SILAK sat at oral argument but did not participate in the opinion.